UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_TALLAHASSEE_ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

"Third" AMENDED COMPLAINT

KENNETH LEE WEINBERG
Inmate # N15139
(Enter full name of Plaintiff)

PROVIDED TO FRANKLIN C.I. ON 5-13-09 FOR MAILING _KLW_
INMATE INITIALS

vs.

CASE NO: 4:08cv480-MP/WCS
(To be assigned by Clerk)

OFFICER ALLEY,
PAM HODGES,
MAURICE LANGSTON,

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

OFFICE OF CLERK
U.S. DIST. CT.
NORTHERN
TALLAH... FLA.

2009 MAY 14  AM 11: 21

FILED

I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Kenneth Lee Weinberg
Inmate Number: N15139
Prison or Jail: Franklin Correctional Inst.
Mailing address: 1760 Hwy. 67 North
Carrabelle, FL.
32322

II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Officer Alley
Official position: Deputy / Correctional Officer
Employed at: Wakulla County Jail / Sheriff Department
Mailing address: 15 Oak Street
Crawfordville, FL. 32327

(2) Defendant's name: Pam Hodges
Official position: Lieutenant / medical Supervisor
Employed at: Wakulla County Sheriff Department "jail"
Mailing address: 15 Oak Street
Crawfordville, FL. 32327

(3) Defendant's name: Maurice Langston
Official position: Major / Jail Supervisor
Employed at: Wakulla County Sheriff Department "jail"
Mailing address: 15 Oak Street
Crawfordville, FL. 32327

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

- A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?

    Yes( )   No(X)   *However, the plaintiff did write a letter to the court which the court dismissed after a case number was assigned*

    1. Parties to previous action:
        (a) Plaintiff(s): *NONE*
        (b) Defendant(s): *NONE*
    2. Name of judge: *N. SANDERS SAULS*   Case #: *04-341-CA*
    3. County and judicial circuit: *SECOND JUDICIAL CIRCUIT*
    4. Approximate filing date: *October 19, 2004*
    5. If not still pending, date of dismissal: *October 29, 2004*
    6. Reason for dismissal: *Insufficient to state cause of action*
    7. Facts and claims of case: *Excessive, prolonged and intentional spraying of concentrated bleach to cause injury, retaliation and denial of medical care.*

    (Attach additional pages as necessary to list state court cases.)

- B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

    Yes( )   No(X)

    1. Parties to previous action:
        a. Plaintiff(s): _____
        b. Defendant(s): _____
    2. District and judicial division: _____
    3. Name of judge: _____   Case #: _____
    4. Approximate filing date: _____
    5. If not still pending, date of dismissal: _____
    6. Reason for dismissal: _____

3

7. Facts and claims of case: __N/A__

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )        No(X)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )        No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

6. Facts and claims of case: _N/A_

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

Claim One: Over Exposure To Concentrated Bleach.
Claim Two: Retaliation By Officer Alley.
Claim Three: Denial of Medical Care. "These three claims are intertwined with each other and will be presented together."

1). Claim One: Defendant, Officer Alley injured Plaintiff on October 28, 2004 by over exposing Plaintiff to concentrated bleach. Plaintiff was being held in the Wakulla County Sheriff Department "Jail" as a pretrial detainee. "This was a continuing incident/injury."

2). Defendant Alley came to Pod A-3 on October 28, 2004, to retaliate and injure Plaintiff Weinberg, who was treated in an cruel and unusual manner, because of the following facts.

3). On October 19, 2004, Plaintiff filed a letter and copy of a grievance with the Clerk of Court in Wakulla County, Florida. Plaintiff alleged that Officer Alley was injuring Plaintiff and other prisoners by spraying concentrated bleach in A-3 Pod. Plaintiff alleged the bleach was dangerous and it was causing Plaintiff and other prisoners medical problems. Plaintiff also alleged that the jail staff was ignoring his grievances.

4). There were 15 seperate incidents of over exposure to concentrated bleach from August 10, 2004 through October 28, 2004, which Defendant Alley supervised. Each time the amount of bleach was increased, as the prisoners complaints became worse. It appeared that Defendant Alley enjoyed seeing the prisoners suffer.

5

(5) Plaintiff Weinberg and other prisoners had filed numerous grievances over a two month period in an effort to stop the dangerous bleaching and to get medical care. The jail supervisor, Major Maurice Langston, the medical supervisor, Lt. Pam Hodges and Sheriff David Harvey all failed to respond to the grievances from Plaintiff Weinberg, "subsequently we were injured."

6). On or about October 27, 2004, the Wakulla County News, did a news story on the documents, letter and grievance filed by Plaintiff Weinberg in the Clerk of Courts Office on October 19, 2004. The news article quoted Defendant Maurice Langston as saying that "the jail is washing down areas with bleach to deal with the spread of the Staph bacteria". Maurice Langston also said that "the medical section was supervising the bleaching of the jail", which was not true.

7). Claim Two: Retaliation by Officer Alley: On October 28, 2004, A.M., defendant Alley came to pod A-3, he was visibly angry at Plaintiff Weinberg when he arrived. Defendant Alley had a copy of the news paper article in his hand, he taped it to the pod window. Officer Alley had high-lighted Plaintiff Weinberg's name in "yellow", so all the prisoners would know that Plaintiff Weinberg was responsible for the cruel and unusual punishment, which Defendant Alley was about to subject the prisoners to.

8). Defendant Alley and a jail trustee under his direct supervision then came into Pod A-3. The trustee was ordered by Defendant Alley to spray the concentrated bleach on all surfaces of the jail pod. The trustee used a large pump-up spray container holding several gallons of liquid bleach. "See continuation pages (a) thru (i)."

Weinberg continuation page (a)

9). Defendant Alley ordered the trustee to spray more bleach on October 28, 2004 than any of the previous 14 other times the bleach was sprayed in concentrated form beginning on August 10, 2004. The trustee under the direct supervision of Defendant Alley, sprayed the cells, day room, walls, floors, showers, tables and even the telephones were soaked down. The trustee almost emptied the spray bottle before Officer Alley directed him to go to Pod A-4.

10). Plaintiff Weinberg confronted Defendant Alley about the dangers of using concentrated bleach in improperly vented areas of the jail pods. Defendant Alley stated that "he did not want to get staph infection" and during the conversation he stated "he did not care what happens to the prisoners," "that he was not worried about being liable for his actions as he had been covering his ass for 13 years".

11). Defendant Alley was aware the jail Pods/cells were not properly ventilated to use the dangerous bleach in concentrated form. The jail Pods do not have any windows to open to get fresh air. Defendant Alley failed to relocate the prisoners to a safe area before spraying the bleach, which soon formed a dangerous toxic gas which can be deadly. Defendant Alley came to Pod A-3 on October 28, 2004 for the sole purpose of "retaliation" toward Plaintiff Weinberg, as evidenced by the taping of the Newspaper article on the Pod window.

Weinberg continuation page (b)

12.) The spraying of the bleach and taping of the newspaper article was maliciously and sadistically done to cause harm and injure Plaintiff Weinberg, for exposing the Wakulla County jail for the bleaching incidents. Defendant Alley's conduct was intentional and reckless, and also caused injury to other prisoners, and to Plaintiff.

13.) Plaintiff Weinberg submitts that the reports of staph infection were not confirmed by lab results, nor present in his Pod A-3. Said bleaching created undue hazards to Plaintiff Weinberg's health more serious than the possibility the "contained" staph infection posed.

14.) Defendant Alley's illegal, malicious, sadistic actions shows deliberate indifference in the foregoing. Defendant Alley exposed Plaintiff Weinberg and the other prisoners to cruel and unusual punishment and caused a great risk to Plaintiffs health and future health by over exposing him to dangerous, toxic bleach fumes/gases.

15.) The bleach is dangerous when used improperly, in unventilated areas. When it was used in concentrate and mixed with pesticides, pine cleaner, soaps, shampoo, metal and other material present on the Pod floor, it became toxic and life threatening. Plaintiff Weinberg had a real fear of death and serious injury.

Weinberg continuation page (C)

16. After Defendant Alley and the trustee left Pod A-3 the trustee began spraying the rest of the bleach in Pod A-4. Defendant Alley stayed in the hallway and observed the effects of the bleach on the prisoners in A-3. Within minutes of the spraying of the bleach the toxic fumes/gases formed and the prisoners began gasping for fresh air.

17. The prisoners in A-4 also began gasping for fresh air. The trustee moved back into the hallway. Several prisoners were clawing at the door in A-3 and one prisoner in a wheel chair appeared to be crying as he had tears running down from his eyes; he had serious problems breathing, he was panicing.

18. Defendant Alley now looked visibly shook by his actions. He paniced and took down the newspaper article and he and the trustee quickly left the area and disapeared up the hallway toward the booking room. Defendant Alley did not stay and offer any assistance to the injured prisoners. He never returned to check on the prisoners he just tortured, "Like they were in a gas chamber". He left them injured.

<u>CLAIM THREE</u>: <u>DENIAL OF MEDICAL CARE</u>, this claim in intertwined with Claim one and Claim Two.

19. Plaintiff Weinberg and all the prisoners in A-3 and A-4 were seriously harmed on October 28, 2004. Plaintiff and approximately 5 other prisoners were overcome by the toxic bleach fumes/gases. Some prisoners were falling to the floor and covering their faces with wet towels, to stop the burning to their face and eyes. All the prisoners were having trouble breathing, and our lungs hurt.

Weinberg continuation page (d)

20.) The control room alerted medical that Plaintiff Weinberg and other prisoners were declaring a medical emergency, and in about 10 minutes Lieutenant Pam Hodges, the medical supervisor showed up to check on the prisoners.

21.) Plaintiff Weinberg requested emergency medical care. He specifically requested to see a doctor. He also requested that an official report of the incident was made and ask Defendant Hodges for a copy of the report when it was completed. Defendant Hodges denied all of the plaintiffs request stating "the fumes are not that bad, that she did not see a problem," she did quickly leave the pod with inmates still gasping for fresh air with serious respiratory problems."

22.) The control room let prisoners in pod A-3 and A-4 go to the recreation yard to get fresh air. The guards in the control room complained to Plaintiff Weinberg that the bleach fumes were burning their eyes in the hallway and control room, they had also previously complained after some of the other bleaching incidents.

23.) Plaintiff and other prisoners were allowed to stay outside approximately one hour, and were then forced to return to their respective pods before the bleach fumes/gases had completely cleared out. It took approximately 4 to 5 hours for the fumes to clear out. Defendant Hodges the medical supervisor never returned to check on any of the prisoners medical conditions.

Weinberg continuation page (f)

27. The evening of October 28, 2004, Plaintiff Weinberg wrote a letter to the Wakulla County Newspaper in an effort to expose the Wakulla County Jail and medical department for their retaliation against Plaintiff and the denial of medical care, by defendant Pam Hodges, the medical supervisor. As near as Plaintiff can tell the letter was stolen and never left the jail. There was no follow up story and the news reporter never answered the letter.

28. Defendant, Major Maurice Langston's reaction to the bleaching incident was to transfer Plaintiff on October 29, 2004 to the Leon County jail where he was locked down in a solitary confinement cell without access to medical care, his legal materials, and writing supplies, for a total of six days.

29. Finally on November 7, 2004, Plaintiff was put in general population and was able to get his legal supplies and documents. Plaintiff filed a medical grievance to Defendant Pam Hodges, which covered the denial of medical care. Plaintiff filed an emergency grievance to defendant Langston. Plaintiff also filed a grievance to Sheriff David Harvey. None of the three above mentioned employees of the Wakulla County Sheriff Department answered their grievances. Plaintiff also wrote a letter to Sheriff David Harvey about the bleaching incident and other issues and Sheriff Harvey failed to respond.

Weinberg continuation page (9)

30. Defendant Alleys actions in the foregoing showed deliberate indifference to the Plaintiffs safe custody and care by treating Plaintiff, a pretrial detainee in a cruel and unusual manner. Defendant Alley retaliated against Plaintiff and maliciously and sadistically caused serious harm and injury to Plaintiff, who could not be punished at all. After deliberately injuring Plaintiff and other prisoners, Defendant Alley took down the evidence of retaliation," the news paper article" and left the injured prisoners and never returned to check on their welfare.

31. Defendant Pam Hodges," the medical supervisor," showed deliberate indifference to Plaintiff and other prisoners medical needs by failing to provide medical care when she responded to the medical emergency. The need for medical care for the prisoners was obvious, yet defendant Hodges ignored the prisoners plea for help.

32. Defendant Hodges was ordered by the Jail supervisor, Defendant Langston to supervise the bleaching of the jail. From August 10, 2004 through October 28, 2004, Defendant Alley subjected the prisoners to the concentrated bleach 15 seperate times and the medical supervisor, Defendant Hodges was never present the first time. The only time that defendant Hodges was present was after-the-fact on October 28, 2004, after Plaintiff and other prisoners declared medical emergencys. At which time no medical care was given to any of the prisoners.

Weinberg continuation page (h)

33). Defendant Langston, the Jail Supervisor failed to properly train and supervise his subordinates. Defendant Langston is in charge of the day to day operation of the Wakulla County Jail. Defendant Langston was aware of the documents, letter and grievance that Plaintiff filed in the Clerk of Courts Office. Defendant Langston knew about the Wakulla County News paper article and was quoted in the news article. Defendant Langston knew or should have known of the dangers of using concentrated bleach in improperly ventilated areas of the County Jail. Defendant Langston failed to take reasonable action or investigate a safe method to disinfect the Staph bacteria. Defendant Langston failed to see that the medical section was in fact supervising the washing down of the jail as he was quoted as saying in the news paper article on or about October 27, 2004. Defendant Langston further failed to order medical care for Plaintiff and other injured prisoners. Defendant Langston failed to respond to numerous grievances on the bleaching incident over several months. The above actions and inactions show deliberate indifference toward Plaintiffs safe custody and care.

34). Additionally from May 12 through July 8, 2005 Plaintiff was again held in the Wakulla County jail. Defendant Alley again subjected Plaintiff to concentrated bleach on two seperate occasions.

35). Plaintiff suffered additional pain and injury because of Defendant Alleys deliberate indifference and continu effort to retaliate against Plaintiff for exposing De ant Alley for the unsafe use of concentrated blea

Weinberg continuation page (i)

36.) At all times Defendants Alley, Hodges and Langston were operating under color of State Law.

37.) At all times material the Laws were clearly established, when Defendants violated Plaintiffs United States Constitutional rights.

38) Plaintiff was abused and injured by Defendant Alley who used excessive amounts of concentrated bleach to abuse, injure and retaliate against the Plaintiff, because he exercised his First Amendment right to freedom of press and his right to access to the courts. Plaintiff was subsequently denied medical care after being injured by Officer Alley, Defendant Hodges refused to provide medical care, Defendant Langston failed in his duties as Jail Supervisor and did not provide safe custody and care of Plaintiff and other prisoners that were injured by Defendant Alley.

39.) Defendant Alley, Hodges, and Langston are sued in their individual and/or official capacity, jointly and severally.

40.) Plaintiffs Civil Rights deprivation in this third Amended Complaint concern the excessive amounts of concentrated bleach that was sprayed in Pod A-3 of the Wakulla County Jail on October 28, 2004. The bleaching incident began on August 10, 2004 and progressed to an unbearable, dangerous level within the first week. This happened 15 seperate times and on October 28, 2004, it reached a point of serious injury and became Life threatening.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint. Notice: "Plaintiff was a pretrial detainee"

CLAIM ONE: Over exposure to concentrated bleach violates Plaintiffs rights to Life, Liberty and property. Theft of mail violates Plaintiffs rights, Life, Liberty and proper

CLAIM TWO: Retaliation by Defendant Alley violates Plaintiffs First Amendment rights and Life, Liberty and property. "Retaliation for use of Press and access to the courts"

CLAIM Three: Denial of medical care, violates right to Life, Liberty and property.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

1) Plaintiff seeks compensatory and punitive damages jointly and severally from each Defendant. (2) Issue declatory judgement that Defendant Alley deliberately, maliciously, sadistically injured Plaintiff on October 28, 2004 because of retaliation, using the bleach to harm Plaintiff. (3) That Defendant Hodges failed to provide medical care on Oct. 28, 2004. (4) That Defendant Langston failed to provide Plaintiff with safe, custody and care.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

(5) And any other relief the court deems appropriate.

5/12/09
(Date)

*Kenneth Lee Weinberg*
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check o[ne])
[X] delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system
the 12th day of May, 2009.

*Kenneth Lee Wein[berg]*
(Signature of Pla[intiff])

Revised 03/07

7