IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENNETH LEE WEINBERG,

    Plaintiff,

v.                                             CASE NO. 4:08-cv-00480-MP -WCS

ALLEY, DONNIE CRUM, JANE DOE 1, JANE DOE II, JOHN DOE II, JANE DOE III, JOHN DOE III, JANE DOE IV, JOHN DOE IV, JOHN DOE V, JOHN DOE VI, JOHN DOE VII, DAVID HARVEY, PAM HODGES, MALINDA KELLEY, MAURICE LANGSTON, JARRED MILLER, NEWSOM, WAKULLA COUNTY BOARD OF COMMISIONERS,

    Defendants.

_____/

# **O R D E R**

This matter is before the Court on Doc. 66, the Report and Recommendation of the Magistrate Judge, recommending that summary judgment be granted in favor of the Defendants. The Plaintiff objected, Doc. 67. Having conducted a de novo review, the Court finds that the Report and Recommendation should be rejected and the matter remanded to the Magistrate Judge for further analysis.

Plaintiff alleges that over the course of several months, the staff at the prison sprayed undiluted bleach in the prisoners' cells to clean them and refused to use a more diluted solution even after the inmates complained of the fumes. Then, according to Plaintiff, on October 28, 2004, the guards retaliated against the prisoners for grieving the issue and getting newspaper coverage of the issue by using an excessive amount of bleach. The Report and Recommendation summarizes Plaintiff's claims as follows:

> Plaintiff alleges that this incident [on October 28, 2004] was preceded by 15 separate exposures to concentrated bleach from August 10, 2004, to October 28, 2004.1 *Id*. Plaintiff alleges that on October 28, 2004, after Plaintiff and other

>prisoners filed had grievances to stop the earlier use of the bleach in that manner, and also received newspaper publicity about the use of bleach (an article dated October 27, 2004), Defendant Alley retaliated against Plaintiff by spraying several gallons of liquid bleach, more than other times, in the Pod and posted the newspaper article with Plaintiff's name highlighted so the other prisoners would know Plaintiff was responsible for the use of bleach. *Id.*, at 6-7. The lack of ventilation caused Plaintiff and other inmates health issues, and Defendants were deliberately indifferent to their suffering. *Id.*, at 7-8. While Plaintiff and the other prisoners were "gasping for fresh air," Defendant Alley left the area without providing any assistance, leaving them in the "gas chamber." *Id.*, at 9.

These allegations, and the sworn statements of Plaintiff cited by the Magistrate Judge indicate that the plaintiff claimed an intentional use of excess bleach with the express purpose to punish Plaintiff and others.

The Magistrate Judge, however, rejected that this can be the basis of an Eighth Amendment claim because it could have only lead to "temporary discomfort." The Magistrate Judge argued:

>Cleaning of a jail, with precautions taken to remove officers and prisoners from the bleach fumes when the fumes are strongest, does not pose an "unreasonable risk of serious damage." *See* Chandler, 379 F.3d at 1289-90. While the fumes may have been unpleasant for a time, Plaintiff has come forward with no evidence of anything other than a temporary discomfort. This does not violate "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289-90; Farrow, 320 F.3d at 1243; Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399. Defendants are entitled to summary judgment on this claim.

This explanation first appears to misconstrue the true nature of Plaintiff's claim. According to Plaintiff, the October 28, 2004, event was not merely "cleaning." Instead, he claims it was a malicious attempt to punish the prisoners by increasing the very fumes they had complained about previously.

Also, the conclusion that the "temporary discomfort" caused by the action could not sustain an Eighth Amendment claim appears to contravene the Supreme Court's instructions in

Wilkins v. Gaddy, 130 S.Ct. 1175 (2010). In that case - decided eight days after the Report and Recommendation in this case - the Court stated, "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Id. at 1178, citing Hudson v. McMillan, 503 U.S. at 9, 112 S.Ct. 995. The Wilkins Court further instructed, " The core judicial inquiry was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 1178 (internal citations omitted). Under this standard, the Magistrate Judge should have considered whether the sworn testimony of the Plaintiff raised a genuine issue of fact as to the intent of the guard in using the amount of bleach he used.

Finally, the Magistrate Judge again appeared to mischaracterize the nature of Plaintiff's claim when addressing the retaliation count. The Magistrate Judge stated:

> Plaintiff's retaliation claim also fails. The basis of this claim is that bleach was used to retaliate against Plaintiff for filing complaints and grievances concerning the cleaning. The claim must fail because a cleaning practice that was already being done prior to October 28, 2011 [probably should be 2004], (and Plaintiff testified such cleaning had been done approximately 15 times previously), could not constitute retaliation on October 28, 2004. If the cleaning was not retaliation on day one, it does not become retaliation on day fifteen simply because Plaintiff complained about it.

The sworn testimony of the Plaintiff, however, shows that he is claiming that the guard intentionally used excessive bleach on October 28, 2004, in order to punish Plaintiff. Thus the "cleaning practice" that had preceded the October 28, 2004, event did not involve the same, excessive amount of bleach that was used on October 28, 2004, according to Plaintiff. Thus,

even if the cleaning was not retaliation on day one, it became retaliation on this day because the guard used an excessive amount of bleach with the express intent to punish the prisoners, if Plaintiff's allegations are proven.

In light of the above, the Report and Recommendation is rejected and this matter referred back to the Magistrate Judge for further proceedings.

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is rejected and this matter remanded to Magistrate Judge for further consideration in accordance with this order.

**DONE AND ORDERED** this *16th* day of March, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge