**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**KENNETH LEE WEINBERG,**

     **Plaintiff,**

**vs.**                                  **Case No. 4:08cv480-MP/WCS**

**OFFICER ALLEY, PAM HODGES,
and MAURICE LANGSTON,**

     **Defendants.**

                                           /


## SECOND REPORT AND RECOMMENDATION

This case is before me upon an order of remand, doc. 68, which rejected the report and recommendation entered on February 2, 2011. Doc. 66. The order of remand, however, did not address the recommendations that time barred claims be dismissed and that the complaint be dismissed as to Defendant Langston. A definitive ruling is needed as to these issues before the case proceeds to trial.

**Statute of Limitations**

Defendants asserted the statute of limitations as a defense to events which transpired prior to October 27, 2004, as Plaintiff submitted his complaint for filing on October 27, 2008. Doc. 48, p. 3, n.1. In response, Plaintiff argued that "Florida has a continuing Torts doctrine" and his claims should not be dismissed. Doc. 61-1, p. 3.

A federal § 1983 claim for a violation of constitutional rights is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).

Once an inmate puts his pleading in the prison mailbox, it is "filed" for purposes of time requirements.  Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Defendants contend the relevant date is October 27th, but that is the date when Plaintiff signed the complaint.  Plaintiff, however, attests that he put his initial complaint in the hands of prison officials on October 28, 2008.  Doc. 1, p. 62.  The complaint was "filed" on October 28, 2008.

Plaintiff's argument that the "continuing violation" doctrine saves this case is not persuasive.  "The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001), cited in Center For Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006).  The Seventh Circuit has explained that "[a] violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately

over every incident of the defendant's unlawful conduct." Heard v. Sheahan, 253 F.3d 316, 319 (7th Cir. 2001).

Two factors help distinguished continuing violations from the continuing effects of a discrete violation. Center For Biological Diversity, 453 F.3d at 1335. The first asks whether the plaintiff complains of "the present consequence of a one time violation, which does not extend the limitations period, [or] the continuation of that violation into the present, which does." *Id.*, at 1335, *quoting* City of Hialeah v. Rojas, 311 F.3d 1096, 1101 (11th Cir. 2002) (quotations omitted); *see also* Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003). Here, Plaintiff is not complaining of a "one time violation" or of the "continuing effects" of a one time violation, but rather Plaintiff complains of repeated instances of the use of bleach. Stated another way, he does not allege continuous exposure to the same level of bleach over a period of days or weeks.

"Second, we have limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." Center For Biological Diversity, 453 F.3d at 1335. "If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine[.]" Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001), *quoting* Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1415 n.6 (10th Cir. 1993), *quoted in* Center For Biological Diversity, 453 F.3d at 1335. The continuing violation doctrine does not apply here because a reasonably prudent plaintiff would know immediately of his claim when experiencing the harm each time the bleach was used.

Case No. 4:08cv480-MP/WCS

In the case of Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003), a prisoner complained that his ex post facto rights were violated when a newly enacted law changed the frequency of parole consideration hearings. The plaintiff asserted that his complaint "should not be time barred under the continuing violation doctrine." Lovett, 327 F.3d at 1183. "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994), *quoted in* 327 F.3d at 1183. The Eleventh Circuit held that each time the defendants act in deciding not to consider the plaintiff for parole was a "one time act with continued consequences, and the limitations period is not extended." Lovett, 327 F.3d at 1183; *see also* Porter v. Ray, 461 F.3d 1315 (11th Cir. 2006).

Similarly, in the employment discrimination context, an employer's failure to promote an employee is a discrete act or single occurrence and the continuing violation doctrine does not apply. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The Court explained that:

> . . . discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

page

National R.R. Passenger Corp., 536 U.S. at 113, 122 S.Ct. at 2072. The Court rejected the idea of applying the continuing violations doctrine to "serial violations," meaning that a series of similar occurrences within the same general time period and stemming from the same source provide a continuing violation claim. *Id.*

No significant difference exists here. Plaintiff contends that Defendants engaged in a practice of over-exposing prisoners to concentrated bleach, amounting to 15 separate instances between August 10, 2004, and October 28, 2004. Doc. 18, p. 12; Doc. 67, p. 2. Plaintiff was subjected to this practice again twice more in May of 2005. Doc. 18, p. 13; Doc. 67, p. 3. Defendants contend the bleach was sprayed to stop the spread of a staph infection. Thus, these facts demonstrate a policy was in place to clean with bleach on a fairly regular basis. Whether designed to control the spread of infection or, as claimed by Plaintiff, as a means of causing harm to prisoners and detainees, each application of bleach was simply a one time act, a separate incident. Each successive incident of spraying bleach does not start the clock over for purposes of the statute of limitations. Plaintiff knew at the time of the first spraying on August 10, 2004, that excessive bleach was being used and causing him discomfort and raising his health concerns. There is no reason why Plaintiff could not have brought suit within four years of that date. Therefore, Plaintiff's claims prior to October 28, 2004, are barred by the statute of limitations and must be dismissed.

**Claim against Defendant Langston**

Defendant Maurice Langston is employed by the Wakulla County Jail as an administrator and holds the rank of Major. Doc. 48, pp. 20-21; Langston affidavit (doc. 48-3, p. 1). Defendant Langston is not, however, the jail administrator. *Id.* His duties

include public information, emergency management, and animal control. *Id.* Defendant Langston has no personal knowledge of Plaintiff or the allegations raised in the complaint. Doc. 48, p. 21; Langston affidavit (doc. 48-3, pp. 1-2). Defendant Langston had no involvement with any decision made concerning the cleaning of the jail in 2004. *Id.* At one time during his career, Defendant Langston was the jail administrator, but he left that position in the early 1990s and has not trained or supervised employees at the jail since that time. Doc. 48, p. 21; Langston affidavit (doc. 48-3, p. 2). Defendant Langston had no involvement with grievances submitted at the jail, or in the decision made concerning the transfer of Plaintiff away from the jail, or in the alleged taking of Plaintiff's legal mail. Doc. 48, p. 21; Langston affidavit (doc. 48-3, pp. 2-3).

In Plaintiff's declaration, submitted in opposition to summary judgment, Plaintiff concedes that he misidentified Defendant Langston in this case, and expresses his willingness to dismiss him from this action. Doc 61-1, p. 2. Plaintiff's statement should be construed as a notice of voluntary dismissal, and the claims against Defendant Maurice Langston should be dismissed.

Accordingly, it is **RECOMMENDED** that Plaintiff's amended complaint, doc. 18, be **DISMISSED** as to Defendant Langston pursuant to Plaintiff's notice of voluntary dismissal, doc. 61, and that Plaintiff's claims arising from incidents occurring prior to October 28, 2004, be **DISMISSED** as barred by the statute of limitations, and this case be **REMANDED** for further proceedings

**IN CHAMBERS** at Tallahassee, Florida, on March 17, 2011.

     S/     William C. Sherrill, Jr.     
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**